```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

CARLOS ALFONSO ESCOBAR-TORRES,   §
(BOP No. 42333-004)              §
VS.                              §    CIVIL ACTION NO.4:07-CV-379-Y
                                 §
                                 §
UNITED STATES OF AMERICA, et al.§
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
   1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Carlos Alfonso Escobar-Torres's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleadings in this case are Escobar-Torres's June 29, 2007, complaint, and his December 13, 2007, more definite statement ("MDS"). He has named as defendants in this action the United States of America and FCI--Fort Worth, along with the following four individuals associated with FCI--Fort Worth: Cole Jeter, warden; Paul Celestin, hospital administrator; Dr. Hernan Reyes, clinical director; and Dr. L. Huber, physician. (Compl. Style; § IV(B).) Plaintiff complains of the adequacy of the medical care provided to him to treat "atrophy and paralysis of the right gastrocnemius (calf muscle) and severe pain in his legs and lower spine while he was housed at FCI--Fort Worth."(Compl. at 4-9; MDS at 2-4.) He seeks monetary damages against each defendant and a preliminary injunction directing that he be transferred to a facility in which he can be placed under the care of a neurosurgeon. (Compl.¶ 42; Prayer.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and more definite statement under these standards, the Court concludes that Plaintiff's claims must be dismissed.

Escobar-Torres has named FCI--Fort Worth as a defendant in this suit. He asserts a claim for damages under the Federal Tort Claims

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Act (FTCA). The FTCA waives the United States's sovereign immunity from tort suits.[6] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States.[7] In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant."[8] As FCI--Fort Worth is not a proper defendant in a suit under the FTCA, any FTCA claim against it must be dismissed. Plaintiff has also alleged claims for violation of constitutional rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[9] But as a *Bivens* claim is not authorized against a federal agency,[10] Plaintiff may not assert a claim against FCI--Fort Worth under that theory either. Thus, all claims against FCI--Fort Worth must be dismissed.

Although Plaintiff has named the proper defendant in an FTCA case, the United States of America, from the records presented by

---

[6] *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998), *citing* 28 U.S.C. § 2674.

[7] *Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991) *citing Lehman v. Nakshian,* 453 U.S. 156, 160 (1981).

[8] *McGuire,* 137 F.3d at 324, *citing Atorie Air, Inc.,* 942 F.2d at 957.

[9] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[10] *Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

3

Plaintiff, he filed this claim prematurely. Plaintiff filed this suit, including his claims under the FTCA, on June 29, 2007. In response to this Court's order for a more definite statement, Escobar-Torres provided a copy of the Bureau of Prisons ("BOP")'s notice to him that the government would have six months from January 24, 2007, to issue its decision. (MDS at 7-8; Exhibit G.) He also provided a copy of the Bureau of Prisons's denial of the tort claim dated July 19, 2007. Thus, it is apparent from these documents that Escobar-Torres did not complete exhaustion of administrative remedies with regard to the claim under the FTCA prior to filing this suit.

This Court's subject matter jurisdiction over an action against the United States under the FTCA is conditioned upon compliance with the language of 28 U.S.C. § 2675(a), which requires that the plaintiff either obtain a written denial of his claim or wait six months after its filing at the appropriate agency.[11] An action filed before the expiration of the six-months, "cannot become timely by the passage of time after the complaint is filed. The requirement is jurisdictional and may not be waived."[12] Thus, Escobar-Torres's FTCA claim must be dismissed due to his failure to satisfy the

---

[11] Se U.S.C.A. § 2675(a)(West 1994).

[12] *Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), *citing McNeil v. United States,* 508 U.S. 106, 111-12 (1993); and *Gregory v. Mitchell,* 634 F.2d 199, 203-04 (5th Cir. 1981).

4

jurisdictional precondition of exhaustion of administrative remedies.[13]

Escobar-Torres recites claims of liability under *Bivens* against four individuals: Cole Jeter, Paul Celestin, Hernan Reyes and L. Huber. With regard to Warden Cole Jeter, Plaintiff complains of his response to Plaintiff's grievances about the actions of the other defendants regarding his access to particular medical care. To the extent this claims is for a violation of Plaintiff's right to due process of law, he has not stated a violation. As the Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers:* "[ An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation

---

[13]*See generally Michalik v. Hermann,* No.Civ.A. 99-3496, 2002 WL 1870054, at *3 (E.D. La. Aug. 12, 2002)(footnote omitted)

(In *McNeil v. Unites States*, 508 U .S. 106,(1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Even where no substantial progress has taken place in the litigation before the administrative remedies are exhausted, plaintiff must refile his lawsuit. *Id.* In *McNeil* the Court reached that conclusion notwithstanding that plaintiff was a prisoner proceeding pro se and that the dismissal of his complaint left him with no recourse against the United States given that his six month window of opportunity to file a new FTCA has already elapsed. *See id.* Subsequent to *McNeil* the Fifth Circuit has reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and the requirement cannot be waived. *Price*, 69 F.3d at 54 (*citing Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir.1981)). In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *id.* (*citing McNeil*, 508 U.S. at 106), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress. *Ramming*, 281 F.3d at 165 (*citing Houston*, 823 F.2d at 898, 902). Although the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very narrow construction.)

arising from the alleged failure to investigate his grievances is indisputably meritless."[14] Thus, any due-process claim against defendant Jeter must be dismissed.

Otherwise, Plaintiff alleges that defendants' failure to order physical therapy and to provide him a neurosurgery consult while at FCI--Fort Worth amounted to a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs has been deemed to amount to cruel and unusual punishment under the Eighth Amendment.[15] Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[16] This subjective deliberate-indifference standard is now equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[17]

---

[14]*Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D.Tex. March 15, 2002)("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation."), *citing Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), *cert. den'd,* 514 U.S. 1022 (1995) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996).

[15]*Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976).

[16]*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[17]*Farmer,* 511 U.S. at 837; *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996)(*en banc*), *opinion after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

Consistent with this standard is the recognition that negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil-rights action.[18]

Escobar-Torres's allegations do not give rise to a claim of deliberate indifference to his serious medical needs against Jeter, Celestin, Reyes, and Huber. The records supplied with Plaintiff's complaint indicate that Escobar-Torres has a history of a 2002 laminectomy and diskectomy in the L-4-5, S-1 regions of his back, and paralysis of his right calf muscle. (Compl. Ex. A-C.) Although Huber recommended a neurosurgery consult upon Plaintiff's transfer into FMC--Fort Worth, after intervening diagnostic tests were performed, including an EMG and an MRI, a utilization review committee, including Celestin and Reyes, determined that the neurosurgery consult was not medically necessary. (Compl. at 4-6; MDS at 4, 9-10; Exhibit A.) Plaintiff also alleges that Huber failed to refer him for physical therapy. (MDS at 9.)

Escobar-Torres's allegations amount to nothing more than disagreement among physicians on the proper course of care. Such difference of opinion as to the appropriate method of treatment does not amount to deliberate indifference.[19] Likewise, disagreement

---

[18] *See Estelle,* 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *see also Varnardo v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(unsuccessful medical treatment, neglect, nor medical malpractice give rise to a § 1983 cause of action)(citations omitted).

[19] *See generally Snipes v. DeTalla,* 95 F.3d 586, 590-91 (7th Cir. 1996) (noting that physician disagreement in treatment alone will not support a constitutional violation),*cert. den'd,* 519 U.S. 1126 (1997); and *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.) (plaintiff's showing of nothing more than a 'difference of medical opinion' as to one course of treatment over another insufficient to establish deliberate indifference), *citing Sanchez v. Vild,* 891

7

between an inmate and his physicians as to what medical care is appropriate does not state a claim for Eighth Amendment indifference to medical needs.[20] Any deficiency in the determination of the treatment of Plaintiff by Jeter, Celestin, Reyes, and Huber does not approach the deliberate-indifference standard.[21] As a result, Escobar-Torres's claims against individual defendants Cole Jeter, Paul Celestin, Hernan Reyes, and L. Huber must be dismissed under 28 U.S.C. § 1915A(b)(1) and under 1915(e)(2)(B)(i).

Escobar-Torres included within his pleadings a request for a preliminary injunction. In order to secure a preliminary injunction, the movant has the burden of proving four elements:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) that threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest.[22]

Plaintiff has not attempted to satisfy these elements, and the Court determines that he has failed to establish them.

---

F.2d 240, 242 (9th Cir. 1989), *cert. den'd,* 519 U.S. 1029 (1996).

[20]*See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997)(affirming the dismissal of suit as frivolous where prisoner claimed medical personnel should have tried different methods of diagnosis and treatment); *see also Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995), *citing Varnado,* 920 F.2d at 321; *see also Street V. Corrections Corp. of America,* 102 F.3d 810, 816 n.13 (6th Cir. 1996)(patient's disagreement with his physicians over the proper medical treatment alleges nothing more than a medical malpractice claim, and is not cognizable as a constitutional claim.)

[21]*See generally Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.)(doctor's failure to discover inmate's ulcer, failure to read nurses's notes regarding inmate's incontinence problems, or to ensure that orders were carried out, might constitute negligence, but not deliberate indifference), *cert. den'd,* 528 U.S. 906 (1999).

[22]*See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir. 2003).

Therefore, Plaintiff's request for a preliminary injunction is DENIED.

All of plaintiff Escobar-Torres's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 3, 2008.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE